IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

ALEXANDRA M. CHRISTENSEN
LINDSAY N. MCCRAY
  a/k/a "Lindsay Rogers"
HEATHER T. BRADLEY
  a/k/a "Heather Thomas"
JENNIFER E. PURVES

_____/

SEALED
INDICTMENT

3:25-cr-99/TKW

THE GRAND JURY CHARGES:

COUNT ONE

A. INTRODUCTION

At all times material to this Indictment:

1. A family medical practice ("the Clinic") with multiple clinic locations in Escambia County, Florida, and Santa Rosa County, Florida, was owned and operated by two physicians ("the Physicians") who were licensed to practice medicine in the state of Florida. The Clinic used an electronic medical record ("EMR") system to create and maintain patient records and files.

2. The Physicians were licensed and authorized by the United States Drug Enforcement Administration ("DEA") to write prescriptions to patients for

FILED USDC FLND PN
JUN 17 '25 PM3:55

Returned in open court pursuant to Rule 6(f)
Date: 6/17/2025
United States Magistrate Judge

controlled substances so long as the prescription was issued for a legitimate medical purpose in the usual course of professional practice and met DEA's other regulatory requirements. The Physicians were each assigned DEA registration numbers, which were required to be listed on any prescription for a controlled substance they issued and signed.

3. Defendant **LINDSAY N. MCCRAY, a/k/a "Lindsay Rogers,"** ("**MCCRAY**") was an employee of the Clinic. By virtue of her employment, **MCCRAY** had authorized access to the Clinic's EMR system.

4. **MCCRAY** was not licensed or otherwise authorized to prescribe any medications, including controlled substances.

5. Oxycodone was a Schedule II controlled substance and marketed commonly as OxyContin and Percocet.

6. Hydrocodone was a Schedule II controlled substance and marketed commonly as Lortab and Norco.

## B. THE CHARGE

Between on or about January 1, 2015, and on or about June 25, 2024, in the Northern District of Florida, the defendants,

**ALEXANDRA M. CHRISTENSEN**
and
**LINDSAY N. MCCRAY,**
**a/k/a "Lindsay Rogers,"**

did knowingly and willfully combine, conspire, confederate, and agree together and with other persons:

1. to knowingly and intentionally distribute, dispense, and cause to be dispensed, a controlled substance in an unauthorized manner, and that this offense involved oxycodone, hydrocodone, and amphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and

2. to knowingly and intentionally acquire and obtain possession of a controlled substance, namely oxycodone, hydrocodone, and amphetamine, by misrepresentation, fraud, forgery, deception, and subterfuge, in violation of Title 21, United States Code, Sections 843(a)(3) and (d)(1).

## C. MANNER AND MEANS

It was part of the conspiracy that:

1. **MCCRAY** used her access to the Clinic's EMR system to fraudulently print prescriptions for controlled substances bearing the names and DEA registration numbers of the Physicians without authorization and without any licensed medical practitioner having issued them for a legitimate medical purpose within the usual course of medical practice. **MCCRAY** issued these fraudulent prescriptions using the names and identifiers of people who were not actual patients of the Clinic, had never seen either of the Physicians, and in many

instances were fictitious. **MCCRAY** then forged the signature of the Physicians on these fraudulently issued prescriptions without their knowledge and permission.

2. **MCCRAY** then caused various pharmacies in the Northern District of Florida to dispense controlled substances, including oxycodone and hydrocodone pills, pursuant to the fraudulently issued and forged prescriptions. The prescriptions were dropped off by, and filled medications were picked up by, either Defendant **ALEXANDRA M. CHRISTENSEN** ("**CHRISTENSEN**") or other persons at **MCCRAY**'s or **CHRISTENSEN**'s direction who were not the individuals to whom the prescriptions were issued.

3. By this conduct, the defendants and their co-conspirators fraudulently caused to be dispensed and unlawfully distributed over 300,000 hydrocodone pills and over 30,000 oxycodone pills.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

Between on or about January 1, 2015, and on or about June 25, 2024, in the Northern District of Florida, the defendant,

**LINDSAY N. MCCRAY,**
a/k/a "**Lindsay Rogers**,"

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the names, signatures, and Drug

Enforcement Administration registration numbers belonging to two physicians, with the intent to commit, to aid and abet, and in connection with, an unlawful activity that constitutes a violation of Federal law, including, but not limited to, conspiracy to distribute and dispense a controlled substance as charged in Count One of this Indictment, and that constitutes a felony under any applicable State and local law, including, but not limited to, practicing medicine without a license, in violation of Florida Statutes, Section 458.327, and such transfer, possession, and use was in and affecting interstate commerce, and such offense was committed to facilitate a drug trafficking crime.

In violation of Title 18, United States Code, Sections 1028(a)(7), 1028(b)(2)(B), 1028(b)(3)(A), and 2.

## COUNT THREE

Between on or about November 7, 2023, and on or about June 19, 2024, in the Northern District of Florida, the defendants,

**LINDSAY N. MCCRAY,**
a/k/a "Lindsay Rogers,"
and
**HEATHER M. BRADLEY,**
a/k/a "Heather Thomas,"

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, and that this offense involved amphetamine.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FOUR

Between on or about January 9, 2024, and on or about April 12, 2024, in the Northern District of Florida, the defendants,

**LINDSAY N. MCCRAY,**
**a/k/a "Lindsay Rogers,"**
**and**
**JENNIFER E. PURVES,**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, and that this offense involved amphetamine.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## CONTROLLED SUBSTANCE FORFEITURE

The allegations contained in Counts One, Three, and Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853.

From their engagement in the violations alleged in Counts One, Three, and Four punishable by imprisonment for more than one year, the defendants,

**ALEXANDRA M. CHRISTENSEN,**
**LINDSAY N. MCCRAY,**
**a/k/a "Lindsay Rogers,"**
**HEATHER M. BRADLEY,**

a/k/a "Heather Thomas,"
and
**JENNIFER E. PURVES,**

shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), all of their interest in:

    A.    Property constituting or derived from any proceeds the defendants obtained directly or indirectly as the result of such violations.

    B.    Property used in any manner or part to commit or to facilitate the commission of such violations.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of any defendant:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred or sold to, or deposited with, a third person;

    iii.    has been placed beyond the jurisdiction of this Court;

    iv.    has been substantially diminished in value; or

    v.    has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference in Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

## IDENTITY THEFT FORFEITURE

The allegations contained in Count Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Sections 982(a)(2)(B) and 1028(b)(5).

Upon conviction of the violation alleged in Count Two of this Indictment, and pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1028(b)(5), the defendant,

**LINDSAY N. MCCRAY,**
a/k/a "Lindsay Rogers,"

shall forfeit to the United States any property, real or personal, constituting, and derived from proceeds obtained, directly and indirectly, as a result of the offense; and any property, real and personal, used or intended to be used to facilitate the commission of the offense.

If any of the property subject to forfeiture pursuant to Count Two of this Indictment, as a result of any act or omission of the defendant:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred or sold to, or deposited with, a third person;

    iii.    has been placed beyond the jurisdiction of this Court;

    iv.    has been substantially diminished in value; or

    v.    has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the property subject to forfeiture under the provisions of Title 21, United States Code, Section 853(p), which is incorporated by reference in Title 18, United States Code, Sections 982(b)(1) and 1028(g).

A TRUE BILL:

██████████████████

FOREPERSON

17 June 25
DATE

JOHN P. HEEKIN
United States Attorney

ALICIA H. FORBES
Assistant United States Attorney