UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

v.                                                                 Case No. 3:25-cr-99/TKW-01

**ALEXANDRA M. CHRISTENSEN,**

  **Defendant.**
  _____/

## TRIAL ORDER

This case is ready to be set for trial. Accordingly, it is

**ORDERED** that:

1.  Trial.

(a) A jury trial is set for the trial period commencing on **August 18, 2025** in Courtroom 4 North at the United States Courthouse, 1 North Palafox Street, Pensacola, Florida.

(b) Counsel shall advise the Court's courtroom deputy clerk about the anticipated length of trial no later than 14 days before the trial date. Her contact information is Paula_Cawby@flnd.uscourts.gov and 850-470-8129.

(c) Typically, trial will start at 9:00 a.m. (central time) and last until approximately 5:00 p.m. There will be one break in the morning and

one break in the afternoon of approximately fifteen minutes each, and lunch will usually be approximately one hour.

2. <u>Attorney Conference.</u>  The Court will hold a conference with the attorneys at 8:30 a.m. (central time) on the first day of trial.  At the conference, counsel shall be prepared to discuss any outstanding issues, trial procedure, the timeframes for opening statements and closing arguments, any objections to proposed voir dire questions, and whether the parties are willing to stipulate to completing the trial with less than 12 jurors, in the event jurors, after being sworn, become disabled or are otherwise excused by the Court.

3. <u>Pretrial Conference.</u>  The Court may schedule a pretrial conference to be held the week before trial at the request of the parties or sua sponte.  The defendant's presence at the conference is generally not required unless the conference involves a substantive evidentiary hearing.

4. <u>Continuances.</u>  A motion for continuance shall be filed as soon as counsel is aware that a continuance is needed.  The motion shall indicate the position of the other party(ies), including any co-defendant(s), on the requested continuance.  The motion shall also confirm that the defendant has been consulted, and it shall state whether the defendant supports or opposes the requested continuance and

whether the defendant has agreed to waive the right to a speedy trial and/or exclude the period of delay in computing the time within which the trial must commence under the Speedy Trial Act.

5. <u>Pleas.</u>

(a) The parties shall immediately notify the Court's courtroom deputy clerk of any plea agreement so a change of plea hearing can be scheduled.

(b) Absent exceptional circumstances that are both unforeseeable and unforeseen, in order for notice of the defendant's intention to plead guilty to be considered "timely" under United States Sentencing Guidelines §3E1.1, notice must be provided to the courtroom deputy clerk and counsel for the Government not later than 7 days before the trial date.

6. <u>Discovery and other pretrial disclosures.</u>

(a) The parties shall comply with their respective obligations under Local Rule 26.2.

(b) The Government's failure to comply with its *Brady* obligations may result in sanctions up to and including dismissal of the indictment with prejudice. *See* Fed. R. Crim. P. 5(f).

7.   <u>Motions.</u>

(a)   Motions to dismiss, motions to suppress, motions for a *Franks* hearing, and other pretrial motions permitted or required under the Federal Rules of Criminal Procedure must be filed no later than 14 days after the date of this Order, unless otherwise provided by law or separate order. A response in opposition to the motion shall be filed no later than 14 days after the motion is filed.

(b)   Motions in limine regarding evidentiary matters known to counsel, must be filed at least 14 days prior to the trial date, with a response due within 7 days thereafter. If evidentiary matters requiring the Court's attention arise after that time, counsel shall notify the Court of the matter by filing the appropriate motion as soon as counsel is aware of the need for the motion.

(c)   All motions shall include a separate written statement certifying how and when counsel for the movant conferred with opposing counsel in a good faith effort to resolve by agreement the subject matter of the motion as required by Local Rule 7.1(B). If the motion is unopposed, the motion may include a statement to that effect in lieu of the separate certificate required by Local Rule 7.1(C).

(d) All motions which require evidentiary support shall be accompanied by a verified statement of facts relied upon for the motion. If an evidentiary hearing is necessary, counsel shall notify the Court no later than the deadline for filing opposing memoranda.

8. <u>Jury selection.</u>

(a) The parties shall file proposed voir dire questions for the Court's consideration no later than 7 days before the trial date.

(b) The parties shall confer and jointly file a generic statement of the case to be read to the panel no later than 7 days before the trial date, but if they cannot agree to such a statement, then each party shall file their own statement for the Court's consideration.

(c) The Court will conduct the voir dire examination of the prospective jurors, but counsel will be given an opportunity to propose follow-up questions for the Court's consideration after the Court completes its examination.

(d) Typically, the entire panel will be examined after which counsel will be given the opportunity to exercise their challenges. The selection process, including counsels' exercise of challenges, will be conducted outside of the presence of the panel members and the panel members will be excused from the courtroom during this time.

(e)  No back striking will be permitted.

9.  <u>Proposed jury instructions and verdict forms.</u>

(a)  The parties shall <u>jointly</u> submit proposed jury instructions and proposed verdict forms no later than 7 days before the trial date. Any areas of disagreement shall be highlighted in the filing. The proposed instructions and verdict forms shall be filed with the Clerk, and an editable copy (in Microsoft Word format) shall be emailed to flnd_wetherell@flnd.uscourts.gov.

(b)  Requests for instructions taken verbatim from the Pattern Jury Instructions - Criminal Cases issued by the U.S. Eleventh Circuit District Judges Association or from the Florida Standard Jury Instructions in Criminal Cases may be made by reference and the requested instructions need not be set forth in full. If any modifications to a pattern instruction are proposed, however, the instruction shall be set forth in full. If it is anticipated that forfeiture instructions will be needed, proposed forfeiture instructions should also be submitted.

(c)  Upon a showing of good cause, supplemental requests for instructions may be submitted at any time prior to the arguments to the jury.

10. <u>Witness and exhibit lists.</u>

(a) Each party shall file a witness list and an exhibit list no later than 7 days before the trial date.

(b) The exhibit list shall include a brief description of the exhibit. Each exhibit must be pre-numbered serially (e.g., P-1, P-2, D-1, D-2) and the numbers must correspond with the exhibit list. Each exhibit not pre-marked and listed may be excluded by the Court.

(c) The lists may be filed under seal if accompanied by a motion explaining the need for sealing. *See* N.D. Fla. Loc. R. 5.5.

11. <u>Stipulations.</u> The parties shall attempt to stipulate to the admissibility of exhibits and all material facts that are uncontested and need not be established at trial. Stipulations shall be reduced to writing and filed with the Clerk or stated on the record at the pretrial conference or attorney's conference.

12. <u>Demonstrative aids.</u> The parties shall exchange any demonstrative aids no later than the Friday before the trial date. If properly disclosed, these materials may be used during opening statements, but evidence may not be shown to the jury during opening statements unless both sides agree.

13.  <u>Trial procedure and courtroom etiquette.</u>

(a)  Any party seeking to invoke the Rule of Sequestration must do so the morning of the first day of trial.

(b)  The time allotted for opening statements and closing arguments will be established at the attorney conference. The default times are 25 minutes for opening statements and 45 minutes for closing arguments. The government may split its closing argument time between initial closing and rebuttal.

(c)  Re-cross examination will not be permitted unless a clear showing is made that manifest injustice would otherwise occur.

(d)  Redirect and rebuttal are not to be a repetition of direct or the case in chief.

(e)  Counsel shall use the lectern as much as practicable to ensure that the jury and the judge hear the questions. Counsel should remain at the lectern for opening statements and closing arguments.

(f)  Objections to questions shall include a succinct statement of the basis for the objection, e.g. leading, repetitive, ambiguous, etc. No explanations of objections or other "speeches" in front of the jury will be tolerated. If further explanation is necessary, counsel may request a sidebar conference.

(g) Sidebar conferences are held at the discretion of the Court; requests for them are not automatically granted.

(h) Counsel should publish exhibits using the exhibit display system or by walking in front of the jury box carrying the exhibits.

(i) Counsel should stand when addressing the Court unless excused by the Court. Counsel should seek the Court's permission before approaching the bench and the witness stand. Counsel do not need to stand merely to indicate "no objection" to the introduction of an exhibit by the adverse party.

(j) Counsel, parties, and spectators shall stand when the jury enters or leaves the jury box and courtroom in order to accord the judges of the facts the same respect as is due the judge of the law. Conferences between counsel, with parties, paralegals, investigators, or spectators, or shuffling of papers as the jury or judge enters or leaves the courtroom are not appropriate.

(k) Counsel may bring cell phones and other electronic devices into the courthouse. All devices must be silenced in the courtroom or left in the attorney conference rooms.

(l) Counsel may bring bottled water into the courtroom.

(m) Except as modified by this Order, counsel shall comply with the standards of professionalism in the American College of Trial Lawyers Code of Pretrial and Trial Conduct, which is available under the "attorneys" tab on the Court's website, and the requirements of the Addendum to the Local Rules of the Northern District of Florida on Customary and Traditional Conduct and Decorum in the United States District Court.

14. <u>Defendant's attire.</u>  Defendants, like all other parties, ordinarily should dress for court in business attire.  Defendants who are in custody are responsible for making their own arrangements for clothing to wear in court; neither the Court nor the Marshals Service provides clothing.  Defendants who fail to make advance arrangements will attend the trial in prison attire.  Trials will not be continued because of a defendant's failure to arrange for clothing.

15. <u>Other matters.</u>

(a) Deadlines will be determined based on this Order, other applicable orders, and the governing rules.  Docket entries made by the Clerk are for the Clerk's internal use and are not controlling.

(b) Any special request for court reporter services, such as a daily copy, must be submitted to the court reporter at least 14 days prior to trial.

Her contact information is Julie_Wycoff@flnd.us.courts.gov and 850-470-8196.

(c) Counsel shall familiarize themselves with the Court's evidence presentation system prior to trial or any evidentiary hearing. If you are not familiar with the evidence presentation system, contact the courtroom deputy clerk for a tutorial.

(d) Counsel shall notify the Court's courtroom deputy clerk at least 14 days before trial if an interpreter is required.

(e) Counsel shall notify the Court's courtroom deputy at least 14 days before trial of any witness, party, or counsel, or others who will be present at the court proceeding that may need accommodation for any disability.

16. <u>Continuing nature of Order.</u> This Order shall remain in effect through trial, except as modified by subsequent Orders.

**DONE and ORDERED** this 27th day of June, 2025.

*T. Kent Wetherell, II*

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**