IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.  CASE NO. 3:25cr99/TKW

**ALEXANDRA M. CHRISTENSEN**
**LINDSAY N. MCCRAY**
  **a/k/a "Lindsay Rogers"**
**HEATHER T. BRADLEY**
  **a/k/a "Heather Thomas"**
**JENNIFER E. PURVES**
_____/

**MOTION FOR PROTECTIVE ORDER CONCERNING
DISCLOSURE OF DISCOVERY INFORMATION**

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and hereby moves this Court for a Protective Order concerning the disclosure of information required to be provided by the government pursuant to Fed. R. Crim. P. 16(d)(1), and as grounds therefore states as follows:

On June 17, 2025, an indictment was returned against the above-named defendants. (Doc. 1.) The defendants have now all been arraigned on the indictment, and trial is scheduled for August 18, 2025. Each of the defendants' attorneys have made or will make a request for discovery from the government.

Based upon the nature of the charges in the indictment, the government's discovery materials include documents bearing "protected health information" under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as well

1

as social security numbers, dates of births, account numbers, and other personal identifying information of uncharged individuals.

In order to comply with the provisions of HIPAA, the government requests a "qualified protective order" as described in 45 C.F.R. § 164.512(e)(1), wherein the Court orders that any party in the above-captioned case may designate certain information as "Confidential" subject to the terms of this Protective Order where it believes in good faith that such materials or information contain or reflect medical records, "protected health information," and related information subject to the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102-164.534, or to the provisions of 42 U.S.C. § 1306 or other privacy protections.

In addition, in order to provide discovery in this case, the government is faced with three options: (1) only allow defense counsel to inspect the materials at the United States Attorney's Office; (2) redact the subject materials, which would be overly time-consuming and result in redaction of pieces of information needed by the defense; or (3) request permission from this Court to provide the subject material pursuant to a protective order under Fed. R. Crim. P. 16(d)(1), which states:

> At any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

The undersigned has conferred with each of the defendants' counsel of record, and they all do not object to the proposed protective order being entered.

WHEREFORE, based on the aforementioned, the government seeks a protective order from the Court restricting discovery pursuant to Fed. R. Crim. P. 16(d)(1) ordering that: (1) the government is permitted to provide copies of its discovery materials, which contain personal identifying information and protected health information of uncharged individuals and entities, to defense counsel; (2) defense counsel may not provide copies of said materials to any persons unless they work for or are hired by their respective offices and are instructed not to further disseminate those copies; and (3) defense counsel must redact the personal identifying information and protected health information of any uncharged individual or entity from the document in the event it is necessary for defense counsel to provide copies of the materials to their respective clients.

        Respectfully submitted,

        JOHN P. HEEKIN
        United States Attorney

        */s/ Alicia H. Forbes*

        ALICIA H. FORBES
        Assistant United States Attorney
        Northern District of Florida
        Colorado Bar No. 41261
        21 East Garden Street, Suite 300
        Pensacola, Florida 32502-5675
        Phone: (850) 444-4000
        Email: alicia.forbes@usdoj.gov

**LOCAL RULE 7.1(B) CERTIFICATE**

I HEREBY CERTIFY that I have conferred with counsel for each of the Defendants regarding this motion, who all do not oppose the relief requested.

*/s/ Alicia H. Forbes*
ALICIA H. FORBES
Assistant United States Attorney

**LOCAL RULE 7.1(F) CERTIFICATE**

I HEREBY CERTIFY that the above memorandum complies with the word limit in N.D. Fla. Loc. R. 7.1(F) because this memorandum contains 551 words, excluding those parts that are exempted by the rule.

*/s/ Alicia H. Forbes*
ALICIA H. FORBES
Assistant United States Attorney